# EXHIBIT A

# *Fraternal Order of Police*

## Metropolitan Police Labor Committee

1524 Pennsylvania Avenue, S.E., Washington, D.C.20003
Off (202) 548-8300   Fax (202) 548-8306



### STEP ONE GRIEVANCE

**TO:**     Rodney Parks
            Assistant Chief of Police
            Professional Development Bureau
            Metropolitan Police Department

**FROM:**   Leo R. Brown, III
            Chief Shop Steward
            Second District
            Fraternal Order of Police
            Metropolitan Police Department Labor Committee

**DATE:**   July 12, 2011

**RE:**     Step One Grievance Pursuant to Article 19 of the Collective Bargaining
            Agreement

**SUBJECT:** Improper Removal of Officer Sashay Brown from the Limited Duty Program

### NOTICE

Pursuant to Article 19 of the Collective Bargaining Agreement between the government of the
District of Columbia and the Fraternal Order of Police, Metropolitan Police Department Labor
Committee (FOP), the FOP is filing this Step One Written Grievance on behalf of Officer Sashay
Brown with regard to the below listed matter (see attachments).

### BACKGROUND

In 2010, the FOP learned that the Department implemented, without notice to the FOP, a new
policy and issued rules governing participating in the Limited Duty Program.  The Department
unilaterally created two programs, one that is applicable to members whose injury or illness is
Non-Performance of Duty (Non-POD) related and another that is applicable to members whose
illness or injury is the result of Performance of Duty (POD).  The FOP filed a Class Grievance
and requested impact and effects bargaining with regard to the unilateral changes to conditions of
employment for FOP members.  The Department denied the Class Grievance while
simultaneously implementing the changes to the Limited Duty Program.

2

The alleged new policy conflicts with the Department's regulations governing the issuance of directives. General Order GO-OMA-101.00 (Directives System) Part II Policy, provides, that "The policy of the Metropolitan Police Department is to develop written directives that reflect the mission and values of the Department, while providing the policy and procedural guidance member need to professionally conduct their duties."

## FACTS

On June 23, 2011, Officer Brown was authorized to work in a limited duty status by Dr. Rangamani Murthy of the Police & Fire Clinic. Dr. Murthy placed Officer Brown on limited duty because her Department issued bulletproof vest was too restricting, caused her pain and restricted production of breast milk while trying to nurse her two month old son. On June 24, 2011, Officer Brown was served with a memorandum by Lieutenant Antonio Charland notifying her that she was being removed from the Limited Duty Program effective June 24, 2011. On July 6, 2011, an Informal (oral) Grievance was presented to Assistant Chief Rodney Parks by Second District, Chief Shop Steward Officer, Leo Brown, III. Assistant Chief Parks denied the informal grievance the same day.

## ARTICLE 19 INFORMATION

1.   **A statement of the specific provision(s) of the Agreement alleged to have been violated;**

Article 1 (Preamble) provides, in part, that "The parties here to affirm without reservation the provisions of this agreement, and agree to honor and support the commitment contained herein."

Article 4 (Management Rights) provides, in part, that management rights are to be, "exercised in accordance with applicable laws, rules, and regulations."

Article 49 (Duration and Finality of Agreement) provides, in part, that "When a Departmental order or regulation directly impacts on the conditions of employment of unit members, such impact shall be a proper subject of negotiation.

2.   **The manner in which the provision is purported to have been violated;**

Article 1 requires the Department to honor the provisions of the Agreement. Article 4 of the Agreement requires the Department to act in accordance with District of Columbia law and its own rules. The reduction of any pay of any employee must be done for cause. Article 49 requires the Department to bargain regarding "Departmental order or regulation" that changes conditions of employment for bargaining unit members.

3

District of Columbia Code § 5-632(a) (c) Limited Duty provides:

> (a) If the Director, in consultation with Police and Fire Clinic physicians, determines that a member, because of injury or other temporary medical disability is unable to perform the full range of duties, but is capable of effectively performing certain types of work within the department, and the prognosis is that the member will be able to perform a full range of duties after achieving maximum medical improvement, the Director may recommend to the Chief that the member perform work in a limited-duty status.

> (b) Members in a limited-duty status shall:

>> (1) Undertake in-service training as required by the Chief;
>> (2) Not be permitted to work voluntary overtime; and
>> (3) Not accept or continue any off-duty employment without the specific approval of the Chief.

> (c) No less than every 30 days, the Director shall evaluate members in a limited-duty status to determine their health status and to ensure that they are complying with their medical treatment plans.

> (d) If at any time the Director, in consultation with the Police and Fire Clinic physicians, determines that a member in a limited-duty status is unable to perform the full range of duties after achieving maximum medical improvement, the Director shall recommend the member for retirement pursuant to § 5-709 or § 5-710, as appropriate.

General Order GO-PER-100.11 (Medical Services) effective date April 25, 2006, is the Department regulation governing Limited Duty and the new authorization policy violates that General Oder. It is noteworthy that the current Limited Duty Program regulation makes no distinction regarding the classification of the injury of illness (e.g. PQD or Non-POD). The new limitations imposed on FOP members who's injuries or illnesses are classified Non-POD are not supported by the Departments own policies. Part V, H 1-4 of General Order GO-PER-100.11 is a partial list of the requirements to participate in the current Limited Duty Program:

H.    Limited Duty Status

1.    If a member is unable to perform the full range of police duties, the Clinic may place the member in a limited duty status, regardless of whether the employee requested the change.

2.    Probationary Officers shall not be placed on limited duty status for more than thirty (30) cumulative days without approval from the Assistant Chief, OHS.

NOTE: The Commanding Officer shall immediately request that the Assistant Chief, OHS, extend the member's probationary period for each day the probationary member is in a non-full duty status.

4

3.     The Chief Physician shall prepare a PD Form 305 (Certification for Limited Duty/Extended Limited Duty Evaluation) each time a member is ordered to assume limited duties.

4.     Limited duty status begins when the Chief Physician certifies on the PD Form 305 that member is medically available for a limited duty assignment.

General Order GO-PER-100.11 Part III. DEFINITIONS number 12 defines Medical Leave.

When used in this directive, the following terms shall have the meanings designated:

12. Medical Leave -- Authorized leave taken by a member when the member is unable to perform his/her duties due to a serious health condition as certified by his/her health care provider. Medical Leave may include sick leave, advanced sick leave, annual leave, compensatory time, and leave without pay. Performance of Duty sick leave does not count as medical leave.

General Order GO-PER-201.9 prohibits the Department from discriminating against members of the Group due to Disability or Pregnancy Discrimination and defines those terms and the term Discrimination in Part III Definitions, A (2) and (3):

When used in this directive, the following terms shall have the meanings designated:

A.     Type of Discrimination or Complaint

2.     Disability -- a physical or mental impairment that substantially, limits one or more of the major life activities of an individual; where there is such a record of impairment; or where the individual is regarded as having such impairment.

3.     Discrimination -- the failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored.

General Order 206.02 (Granting of Advanced Annual or Sick Leave and Leave Without Pay) Provides in Part I, B, the procedure for members to request Advanced Sick Leave. Part II, C outlines the responsibilities of commanding officers when disapproving or recommending disapproval of Advanced Sick Leave request. It provides that, "In each instance of disapproval or recommended disapproval by a commanding officer of a request for advanced annual leave, sick leave, or leave without pay, the commanding officer shall (emphasis added) note his/her reason(s) for such action on PD Form 654 or DCSF-1199 and forward the request to the appropriate office for final disposition." The new Limited Duty Program violates the provisions of the General Order.

Part III A, B, and C of GO-OMA-101.00 were violated when the Department's new limited duty policy was implemented; it provides the following:

### REGULATIONS

A. The Directives System is comprised of General Orders, General Order Changes, Special Orders, Standard Operating Procedures, and Circulars. Although available on the MPD Intranet, the official Department Directives are the hard copy publications that contain the signature of the Chief of Police.

B. All Directives shall be distributed to all sworn and civilian members of the Department.

C. Provisions in Department directives, which have been signed by the Chief of Police, supercede conflicting information in all element directives.

The Department is not in compliance with Federal law, District of Columbia law, the Agreement, or its own rules.

**3. The date or dates on which the alleged violation, misinterpretation or misapplication occurred;**

July 24, 2011

**4. The specific remedy or adjustment sought;**

A) That effective immediately, the new policy and regulations governing the Limited Duty Program are rescinded.

B) Effectively immediately, the Department will cease violating the terms of the Agreement, Federal and D.C. Law.

C) That the Department reinstates Officer Brown to the Limited Duty Program.

D) That the Department restores the leave (e.g. annual, sick, or compensatory leave) Officer Brown was forced to use.

E) That effective immediately, the Department will cease the practice non-medical personal making medical duty status classifications.

F) Any other relief necessary to make Officer Brown whole.

6

5.   Authorization for the Union or other employee representative, if desired by the employee, to act as his/her representative in the grievance; and,

Officer Brown has authorized the FOP to represent her in this grievance. All correspondence regarding this matter shall be forwarded Second District, Chief Shop Steward, Leo R. Brown, III at the address listed in the heading of this document.

6.   Signature of aggrieved employee.

Respectfully submitted,

Sashay Brown
Officer
Second District

# *Fraternal Order of Police*

## *Metropolitan Police Labor Committee*
1524 Pennsylvania Avenue, S.E., Washington, D.C.20003
Off (202) 548-8300   Fax (202) 548-8306



### STEP TWO GRIEVANCE

**TO:**          Cathy L. Lanier
                    Chief of Police
                    Metropolitan Police Department

**FROM:**      Leo R. Brown, III
                    Chief Shop Steward
                    Second District
                    Fraternal Order of Police
                    Metropolitan Police Department Labor Committee

**DATE:**      July 25, 2011

**RE:**           Step 2 Grievance Pursuant to Article 19 of the Collective Bargaining
                    Agreement

**SUBJECT:**   Improper Removal of Officer Sashay Brown from the Limited Duty Program

### NOTICE

Pursuant to Article 19 of the Collective Bargaining Agreement between the government of the District of Columbia and the Fraternal Order of Police, Metropolitan Police Department Labor Committee (FOP), the FOP is filing this Step One Written Grievance on behalf of Officer Sashay Brown with regard to the below listed matter (see attachments).

### BACKGROUND

In 2010, the FOP learned that the Department implemented, without notice to the FOP, a new policy and issued rules governing participating in the Limited Duty Program. The Department unilaterally created two programs, one that is applicable to members whose injury or illness is Non-Performance of Duty (Non-POD) related and another that is applicable to members whose illness or injury is the result of Performance of Duty (POD). The FOP filed a Class Grievance and requested impact and effects bargaining with regard to the unilateral changes to conditions of employment for FOP members. The Department denied the Class Grievance while simultaneously implementing the changes to the Limited Duty Program.

The alleged new policy conflicts with the Department's regulations governing the issuance of directives. General Order GO-OMA-101.00 (Directives System) Part II Policy, provides, that "The policy of the Metropolitan Police Department is to develop written directives that reflect the mission and values of the Department, while providing the policy and procedural guidance member need to professionally conduct their duties."

## FACTS

On June 23, 2011, Officer Brown was authorized to work in a limited duty status by Dr. Rangamani Murthy of the Police & Fire Clinic. Dr. Murthy placed Officer Brown on limited duty because her Department issued bulletproof vest was too restricting, caused her pain and restricted production of breast milk while trying to nurse her two month old son. On June 24, 2011, Officer Brown was served with a memorandum by Lieutenant Antonio Charland notifying her that she was being removed from the Limited Duty Program effective June 24, 2011. On July 6, 2011, an Informal (oral) Grievance was presented to Assistant Chief Rodney Parks by Second District, Chief Shop Steward Officer, Leo Brown, III. Assistant Chief Parks denied the informal grievance the same day. Assistant Chief Parks failed to respond to a written Step One grievance.

## ARTICLE 19 INFORMATION

1.   **A statement of the specific provision(s) of the Agreement alleged to have been violated;**

Article 1 (Preamble) provides, in part, that "The parties here to affirm without reservation the provisions of this agreement, and agree to honor and support the commitment contained herein."

Article 4 (Management Rights) provides, in part, that management rights are to be, "exercised in accordance with applicable laws, rules, and regulations."

Article 49 (Duration and Finality of Agreement) provides, in part, that "When a Departmental order or regulation directly impacts on the conditions of employment of unit members, such impact shall be a proper subject of negotiation.

2.   **The manner in which the provision is purported to have been violated;**

Article 1 requires the Department to honor the provisions of the Agreement. Article 4 of the Agreement requires the Department to act in accordance with District of Columbia law and its own rules. The reduction of any pay of any employee must be done for cause. Article 49 requires the Department to bargain regarding "Departmental order or regulation" that changes conditions of employment for bargaining unit members.

3

District of Columbia Code § 5-632(a) (c) Limited Duty provides:

    (a) If the Director, in consultation with Police and Fire Clinic physicians, determines that a member, because of injury or other temporary medical disability is unable to perform the full range of duties, but is capable of effectively performing certain types of work within the department, and the prognosis is that the member will be able to perform a full range of duties after achieving maximum medical improvement, the Director may recommend to the Chief that the member perform work in a limited-duty status.

    (b) Members in a limited-duty status shall:

        (1) Undertake in-service training as required by the Chief;
        (2) Not be permitted to work voluntary overtime; and
        (3) Not accept or continue any off-duty employment without the specific approval of the Chief.

    (c) No less than every 30 days, the Director shall evaluate members in a limited-duty status to determine their health status and to ensure that they are complying with their medical treatment plans.

    (d) If at any time the Director, in consultation with the Police and Fire Clinic physicians, determines that a member in a limited-duty status is unable to perform the full range of duties after achieving maximum medical improvement, the Director shall recommend the member for retirement pursuant to § 5-709 or § 5-710, as appropriate.

General Order GO-PER-100.11 (Medical Services) effective date April 25, 2006, is the Department regulation governing Limited Duty and the new authorization policy violates that General Oder. It is noteworthy that the current Limited Duty Program regulation makes no distinction regarding the classification of the injury of illness (e.g. POD or Non-POD). The new limitations imposed on FOP members who's injuries or illnesses are classified Non-POD are not supported by the Departments own policies. Part V, H 1-4 of General Order GO-PER-100.11 is a partial list of the requirements to participate in the current Limited Duty Program:

H.    Limited Duty Status

    1.    If a member is unable to perform the full range of police duties, the Clinic may place the member in a limited duty status, regardless of whether the employee requested the change.

    2.    Probationary Officers shall not be placed on limited duty status for more than thirty (30) cumulative days without approval from the Assistant Chief, OHS.

        NOTE: The Commanding Officer shall immediately request that the Assistant Chief, OHS, extend the member's probationary period for each day the probationary member is in a non-full duty status.

4

3.   The Chief Physician shall prepare a PD Form 305 (Certification for Limited Duty/Extended Limited Duty Evaluation) each time a member is ordered to assume limited duties.

4.   Limited duty status begins when the Chief Physician certifies on the PD Form 305 that member is medically available for a limited duty assignment.

General Order GO-PER-100.11 Part III. DEFINITIONS number 12 defines Medical Leave.

When used in this directive, the following terms shall have the meanings designated:

12. Medical Leave – Authorized leave taken by a member when the member is unable to perform his/her duties due to a serious health condition as certified by his/her health care provider. Medical Leave may include sick leave, advanced sick leave, annual leave, compensatory time, and leave without pay. Performance of Duty sick leave does not count as medical leave.

General Order GO-PER-201.9 prohibits the Department from discriminating against members of the Group due to Disability or Pregnancy Discrimination and defines those terms and the term Discrimination in Part III Definitions, A (2) and (3):

When used in this directive, the following terms shall have the meanings designated:

A.   Type of Discrimination or Complaint

2.   Disability – a physical or mental impairment that substantially, limits one or more of the major life activities of an individual; where there is such a record of impairment; or where the individual is regarded as having such impairment.

3.   Discrimination – the failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored.

General Order 206.02 (Granting of Advanced Annual or Sick Leave and Leave Without Pay) Provides in Part 1, B, the procedure for members to request Advanced Sick Leave. Part II, C outlines the responsibilities of commanding officers when disapproving or recommending disapproval of Advanced Sick Leave request. It provides that, "In each instance of disapproval or recommended disapproval by a commanding officer of a request for advanced annual leave, sick leave, or leave without pay, the commanding officer shall (emphasis added) note his/her reason(s) for such action on PD Form 654 or DCSF-1199 and forward the request to the appropriate office for final disposition." The new Limited Duty Program violates the provisions of the General Order.

5

Part III A, B, and C of GO-OMA-101.00 were violated when the Department's new limited duty policy was implemented; it provides the following:

### REGULATIONS

A. The Directives System is comprised of General Orders, General Order Changes, Special Orders, Standard Operating Procedures, and Circulars. Although available on the MPD Intranet, the official Department Directives are the hard copy publications that contain the signature of the Chief of Police.

B. All Directives shall be distributed to all sworn and civilian members of the Department.

C. Provisions in Department directives, which have been signed by the Chief of Police, supercede conflicting information in all element directives.

The Department is not in compliance with Federal law, District of Columbia law, the Agreement, or its own rules.

3. **The date or dates on which the alleged violation, misinterpretation or misapplication occurred;**

July 24, 2011

4. **The specific remedy or adjustment sought;**

A) That effective immediately, the new policy and regulations governing the Limited Duty Program are rescinded.

B) Effectively immediately, the Department will cease violating the terms of the Agreement, Federal and D.C. Law.

C) That the Department reinstates Officer Brown to the Limited Duty Program.

D) That the Department restores the leave (e.g. annual, sick, or compensatory leave) Officer Brown was forced to use.

E) That effective immediately, the Department will cease the practice non-medical personal making medical duty status classifications.

F) Any other relief necessary to make Officer Brown whole.

6

5.    **Authorization for the Union or other employee representative, if desired by the employee, to act as his/her representative in the grievance; and,**

Officer Brown has authorized the FOP to represent her in this grievance. All correspondence regarding this matter shall be forwarded Second District, Chief Shop Steward, Leo R. Brown, III at the address listed in the heading of this document.

6.    **Signature of aggrieved employee.**

Pursuant to Article 19, C, Step 2, "The written grievance filed at this step need not be signed by the employee."

Respectfully submitted,


Leo R. Brown, III
Chief, Shop Steward
Second District